UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**IREYONNA RUBIN**                                              **CIVIL ACTION**

**VERSUS**                                                      **NO. 20-142-JWD-SDJ**

**MACY'S RETAIL
HOLDINGS, INC.**

## ORDER

Before the Court is Plaintiff's Motion to Extend (R. Doc. 8) and Motion to Compel (R. Doc. 9). Defendant has filed Oppositions (R. Docs. 11, 13) to both Motions, and Plaintiff has filed Replies (R. Docs. 20). Having considered the parties' arguments and the applicable law, the Court resolves both Motions below.

**A.     Motion to Extend**

Plaintiff moves for an extension of the November 16, 2020 discovery deadline, along with extensions of both parties' expert report deadlines, and the expert discovery deadline. According to Plaintiff, she first learned of 3 additional fact witnesses and relevant documents during depositions of Defendants' witnesses in late October and early November. In order to depose these newly disclosed witnesses and obtain these additional documents, Plaintiff asks the Court to extend the November 16, 2020 discovery deadline until January 29, 2020. She additionally seeks an extension of each party's expert report deadline and the deadline for completing expert discovery.

Defendant objects to the request, arguing that Plaintiff should have previously sought a longer extension when the parties jointly requested an extension of discovery until November 16, 2020. Defendant additionally suggests there is no need to extend the deadline to accommodate any

written discovery, as Plaintiff has already served additional requests for the newly identified documents. And finally, Defendant suggests it will be prejudiced by the costs of having to defend additional depositions and respond to additional discovery requests.

The Court has considered the arguments of both parties, as well as the law, and finds Plaintiff's Motion to Extend should be granted for good cause shown. *See* Fed. R Civ. P. 16(b)(4). Plaintiff just recently learned of additional witnesses and documents, and the extension requested is reasonable under the circumstances and will not impact the dispositive motion deadline or the trial date. Beyond that, the prejudice alleged by Defendant is conclusory and not persuasive. Every party in litigation will incur some expenses during discovery. And Defendant has not shown that the additional discovery described by Plaintiff will result in unreasonable costs.

Therefore, Plaintiff's Motion to Extend (R. Doc. 8) is **GRANTED** and the Scheduling Order is **modified**, as follows:

| | |
|---|---|
| Completing **fact discovery** and filing related motions: | **January 29, 2021** |
| Plaintiff's disclosure of **expert reports**: | **January 15, 2021** |
| Defendant's disclosure of **expert reports**: | **January 29, 2021** |
| Completing **expert discovery**: | **February 19, 2021** |

### B.     Plaintiff's Motion to Compel

Plaintiff has also filed a Motion to Compel (R. Doc. 9) Defendant's responses to her initial discovery requests, served on July 1, 2020. Defendant responded to Plaintiff's discovery on September 23, 2020. Following a Rule 37(a)(1) conference, the following discovery remains in dispute.

1. **Request for Production No. 2**

Plaintiff's Request for Production No. 2 asks for all correspondence or documents "relating to any conditions of the lighting fixtures in the ceiling of the store," and any needed repairs, in the 5 years before the accident and up to today. (R. Doc. 9-1 at 2). In her Reply, Plaintiff has presented evidence of how infrequently the lights in the store were maintained to show the requested timeframe is reasonable. (R. Doc. 20 at 2-3). And while the request asks for all correspondence and documents, the Motion and summary of the parties' Rule 37(a)(1) conference indicates that work orders are particularly at issue.

In response to both discovery and Plaintiff's Motion to Compel, Defendant objected to the request as overly broad and impermissibly seeking evidence of remedial measures, which it claims is not admissible under Rule 407 of the Federal Rules of Evidence. But despite its objections, Defendant represented during the parties' Rule 37(a)(1) conference that it had provided all work orders to Plaintiff and agreed it would "supplement it has provided all the work orders." (R. Doc. 9-3 at 2). In its Opposition, Defendant likewise stated it had provided all documents in its "possession" and had supplemented its response, accordingly.

**Scope of Discovery**. To begin, the Court finds the scope of Plaintiff's Request for Production No. 2 to be somewhat overbroad, but not to the extent claimed by Defendant. First, the Court finds that all light fixtures in the store are not relevant. Instead, only the actual light fixture at issue, and any identical ceiling fixtures located throughout the store where the accident occurred are relevant. Next, given the infrequent nature of repairs and maintenance, the Court finds that documents going back 5 years before the accident is reasonable. But it will limit Plaintiff's request for documents showing maintenance or repairs made after the accident to only 1 year. *See Carter v. Hornbeck Offshore Transportation, LLC*, 2013 WL 12439174, at *5 (E.D. La. June 27, 2013)

(ordering production of "maintenance and repair records for the ballast pump only, for a period of six months before the [July 2009] accident until July 2010."); *Harris v. Otis Elevator Co.*, 2018 WL 1044560, at *3 (W.D.N.Y. Feb. 26, 2018) (where the infrequency of maintenance was not shown, court found it was neither overly broad nor improper for plaintiff to request records for procedures or repairs taking place . . . up to six months after the accident").

The Court rejects Defendant's argument that any documents indicating repairs made after the accident are per se inadmissible and therefore not within the scope of discovery. While Rule 407 of the Federal Rules of Evidence makes subsequent remedial measures "inadmissible to prove negligence," that evidence may be admissible for other purposes, like the "feasibility of precautionary measures." Beyond that, information need not be admissible at trial to fall within the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1); *Stallings v. Union Pac. R. Co.*, 2003 WL 21317297, at *10 (N.D. Ill. June 6, 2003) ("Federal Rule of Evidence 407, which bars the admissibility of subsequent remedial measures to prove negligence . . . is not a rule governing pretrial discovery. Rule 407 does not preclude Stalling's requested discovery because it may be relevant and admissible under an exception to Rule 407 depending on what Defendants argue at trial."); *Granberry v. Jet Blue Airways*, 228 F.R.D. 647, 651 n.2 (N.D. Cal. 2005) ("Rule 407 governs admissibility. It does not preclude discovery.").

And courts have allowed discovery of subsequent remedial measures as relevant and falling within the scope of permissible discovery, regardless of admissibility. *See Harris v. Otis Elevator Co.*, 2018 WL 1044560, at *3 (W.D.N.Y. Feb. 26, 2018) (repairs made after accident were discoverable; "They may aid in plaintiff's investigation as to why the elevator malfunctioned and whether the malfunction was caused by defendant's negligence."); *Carter v. Hornbeck Offshore Transportation, LLC*, 2013 WL 12439174, at *5 (E.D. La. June 27, 2013) (ordering production of

"maintenance and repair records for the ballast pump only, for a period of six months before the [July 2009] accident until July 2010."); *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1343 (5th Cir. 1978) ("[E]ven if we assume that the Trend Cost Estimate qualifies as evidence of a subsequent remedial measure, it would be admissible as proof of . . knowledge of the dangerous condition or feasibility of precautionary measures."); *Farmington Cas. Co. v. 23rd St. Properties Corp.*, 1998 WL 755163, at *1 (S.D.N.Y. Oct. 28, 1998) (allowing discovery of post-accident repairs, even though evidence of remedial measures is inadmissible to show negligence, as "proof of such measures is admissible for a variety of other reasons").

Therefore, the Court finds any documents "relating to any conditions," maintenance or repairs of the lighting fixture at issue, or any identical ceiling fixtures at the relevant store for the the 5 years preceding the accident and up to 1 year after, are discoverable.

**Defendant's Supplemental Response**. According to Plaintiff, Defendant agreed to supplement its response to Request for Production No. 2, despite its objections, to "provide the work orders requested or to indicate that it had provided all the work orders." (R. Doc. 20 at 1); (R. Doc. 20-1 at 3). Indeed, Defendant's Opposition states: "Macy's has provided all nonprivileged documents in its possession in response to this Request." (R. Doc. 13 at 3). However, its actual supplemental Response raises several objections, before concluding: "Subject to this objection, Response to Request for Production No. 1." (R. Doc. 13-2 at 2).[1] Not only does this make little sense, it in no way confirms that all responsive documents have been produced. Beyond that, it is unclear whether the "responsive documents" provided by Defendant are consistent with the scope of information originally sought in Request for Production No. 2, or as narrowed by the Court. And finally, the Court notes that Rule 34 requires production of all relevant and responsive

---

[1] To be sure, Defendant's Response to Request for Production No. 1 provides no further clarification; it simply states: "[S]ee previously attached documents." (R. Doc. 13-2 at 2).

documents in a party's possession, custody, or control—not merely the party's "possession." (R. Doc. 13 at 3).

Therefore, Plaintiff's Motion to Compel is **GRANTED** to the extent Plaintiff seeks a supplemental response to **Request for Production No. 2**, but the Court will **narrow** the Request, as follows:

> Any documents (including work orders) "relating to any conditions," maintenance or repairs of the light fixture at issue, or any identical ceiling fixtures at the relevant Macy's location, from December 26, 2013, through December 26, 2019.

Defendant must provide this information **within 14 days** of this Order. If Defendant **has provided all responsive documents** in its possession, custody, or control, its supplemental response should **clearly state** that all responsive documents in Defendant's possession, custody, or control have been produced, including work orders.

### 2. Request for Production No. 4

As written, Request for Production No. 4 asks for "any and all documents pertaining in any way to the alleged incident . . . ." (R. Doc. 9-1 at 3). Defendant objected to the request as overbroad and seeking information protected by the attorney-client and work product privileges. (R. Doc. 9-1 at 3). During the parties' conference, Plaintiff agreed to narrow the scope of her request, making clear that she no longer sought "any and all documents," nor did she seek any documents created by or at the direction of counsel, or any communications with counsel. (R. Doc. 9-1 at 3-4). Plaintiff then offered to forgo a Motion to Compel "if Defendant would either supplement the previous response (as its objections had been addressed) or would provide a formal, admissible discovery response that the defendant had provided all responsive documents under the revised, narrowed request." (R. Doc. 9-1 at 4).

In its Opposition, Defendant states that it has produced all non-privileged documents, but otherwise does not address or object to Plaintiff's proposed solution (R. Doc. 9-1 at 4). Beyond that, Defendant's supplemental response addresses the original request, as opposed to the narrowed scope agreed to by the parties. (R. Doc. 13-2 at 3).

Therefore, Plaintiff's Motion to Compel is **GRANTED** as to the "**revised**" and "**narrowed**" version of **Request for Production No. 4**. (R. Doc. 9-1 at 3-4) (no longer seeking "any and all documents," and no longer seeking any documents created by or at the direction of counsel, or communications with counsel). Within **14 days** of this Order, Defendant must provide a **supplemental response** to the revised and narrowed version of Request for Production No. 4, by either providing additional documents or otherwise confirming that all responsive documents have been produced.

### 3.     Request for Production No. 7

Although Request for Production No. 7 is addressed in Plaintiff's Motion to Compel (R. Doc. 9), her Reply Memorandum confirms that Request for Production No. 7 is no longer at issue (R. Doc. 20 at 5). The Court therefore **DENIES** Plaintiff's Motion to Compel **as moot**, to the extent it seeks a supplemental response to **Request for Production No. 7**.

### 4.     Interrogatory No. 4

Plaintiff's Interrogatory No. 4 asks Defendant to describe any changes, modifications, or repairs made to the light fixture at issue, or any light fixture within the store "since five years prior to the incident to present." (R. Doc. 9-1 at 4). Defendant objected to providing information about other light fixtures, but otherwise responded that no repairs or modifications were made to the light fixture at issue in the 5 years preceding the accident, but the cover was replaced after the incident. (R. Doc. 9-1 at 4). In her Motion to Compel, Plaintiff largely focuses on Interrogatory No. 4's

request for modifications made after the incident at issue, arguing that although subsequent remedial measures may not be admissible at trial, that does not place them beyond the scope of discovery. And while Defendant claims that it later objected to providing information about subsequent remedial measures, that objection has already been overruled by this Court in connection with Request for Production No. 2. Moreover, Defendant's objection has little effect when Defendant has already disclosed that the cover of the light fixture was changed after Plaintiff's accident.

Finally, and perhaps most important, in her attorney's notes following the parties' Rule 37 conference, Plaintiff makes clear that she is seeking a "detailed description between the old and new cover, including how it was fastened," in response to Interrogatory No. 4. (R. Doc. 9-3 at 6).

With that in mind, the Court will **GRANT** Plaintiff's Motion to Compel as to **Interrogatory No. 4**, but only to the extent she seeks a "detailed description" of the old cover (i.e., the one in place at the time of the incident), as compared with the new cover (i.e., the replacement cover referenced in Defendant's Answer to Interrogatory No. 4), "including how [both] [were] fastened." (R. Doc. 9-3 at 6). This limitation is consistent with Plaintiff's own representations made during the parties' Rule 37(a)(1) conference. (R. Doc. 9-3 at 6). Defendant must **supplement** its response to Interrogatory No. 4, as **narrowed by the Court**, within **14 days** of this Order.

     5.     **Interrogatory No. 9**

Plaintiff's Interrogatory No. 9 asks Defendant to describe any policies or procedures "relative to the proper protocol for discovering and/or reporting loose fixtures . . . ." (R. Doc. 9-1 at 6). In response, Defendant referred Plaintiff to its response to Request for Production No. 12. However, it appears nothing was produced by Defendant in response to Request for Production No. 12. (R. Doc. 20 at 6). And according to Plaintiff, Defendant agreed to supplement its response

to Interrogatory No. 9, but has yet to do so. (R. Doc. 20 at 6). In its Opposition, Defendant now claims that this interrogatory is overbroad, as it is not limited to the store at issue. While Defendant did not raise this objection in response to discovery, the Court does agree that only policies and procedures in place at the store where the accident occurred are relevant. Defendant also objects that this interrogatory has become unnecessary, as Plaintiff obtained similar information during a Rule 30(b)(6) deposition of Defendant. (R. Doc. 13). But again, Defendant does not address or otherwise refute Plaintiff's representation that it agreed to supplement this response.

Therefore, Plaintiff's Motion to Compel is **GRANTED** as to **Interrogatory No. 9**, but the Court will **limit** Plaintiff's **request** to those policies and procedures in place at the Macy's inside the Mall of Louisiana at the time of Plaintiff's alleged accident. Defendant must **supplement** its response within **14 days** of this Order.

6. **Interrogatory No. 12**

Plaintiff's Interrogatory No. 12 asks, "for each document to which you have objected to the production in response to the accompanying request for production of documents, the custodian of the document, the type of document, the author of the document, the date of preparation, and the subject of the document." (R. Doc. 9-1 at 6). In response, Defendant objected to the request as vague, unduly burdensome, and to the extent it seeks defendant to create a document not in existence." (R. Doc. 9-1 at 6). Although it is somewhat unclear from the request, Plaintiff indicated during the Rule 37 conference that she is seeking a privilege log for any documents being withheld in discovery. In its Opposition, Defendant claims that the interrogatory, "as written, would require Macy's to identify an overwhelming number of simply irrelevant documents." (R. Doc. 13 at 7). On this limited point, the Court agrees.

Privilege logs are typically required when a party withholds otherwise relevant documents on the basis of privilege. *See* Fed. R. Civ. P. 26(b)(5)(A). The Court therefore will not order Defendant to produce a log of irrelevant documents falling outside the scope of discovery.

However, Defendant also objects to providing a privilege log for any documents withheld as privileged, because doing so would be "unduly burdensome" as the documents date all the way back to January 15, 2019. The Court finds it very difficult to see how producing a privilege log required of Defendant by Rule 26(b)(5)(A) of the Federal Rules of Civil Procedure, and this Court's Local Rule 26(C), could somehow be *unduly* burdensome.

Because a privilege log is clearly required for any responsive documents being withheld as privileged, the Court will **GRANT** Plaintiff's Motion to Compel to the extent it seeks a privilege log in response to **Interrogatory No. 12**. To be clear, Defendant must only produce a privilege log for any documents withheld as privileged. Defendant must **produce** its privilege log within **14 days** of this Order. If Defendant is **not withholding** any **privileged documents** responsive to Plaintiff's discovery requests, as narrowed by the parties' agreement (R. Doc. 20-1) or this Order, Defendant's supplemental response must **make that clear**.

Signed in Baton Rouge, Louisiana, on January 5, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**